HOGAN LOVELLS US LLP
Michael L. Turrill (Bar No. 185263)
Laura M. Groen (Bar No. 294719)
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601
michael.turrill@hoganlovells.com
laura.groen@hoganlovells.com

Attorneys for Petitioner
Pacer Construction Holdings Corporation

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACER CONSTRUCTION HOLDINGS CORPORATION,<br><br>Petitioner,<br><br>v.<br><br>RICHARD PELLETIER and RICHARD PELLETIER HOLDINGS INC.,<br><br>Respondents. | Case No. __'19CV1263 MMA BGS__<br><br>**PETITION TO CONFIRM ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DANIEL E. GONZALEZ IN SUPPORT THEREOF** |

Petitioner Pacer Construction Holdings Corporation ("Pacer" or the "Petitioner"), by and through its attorneys, hereby respectfully petitions the Court as follows:

**NATURE OF THE PROCEEDINGS**

1. This is a petition pursuant to the Convention on the Recognition and Enforcement of Arbitral Awards, 9 U.S.C. § 207, requesting that the Court (i) confirm and enforce the March 13, 2019 and May 22, 2019 arbitration awards (the "Awards") issued by an arbitral tribunal ("Tribunal") in the arbitration between the Petitioner and the Respondents, Richard Pelletier ("Pelletier") and Richard Pelletier Holdings Inc. ("Pelletier Holdings") (together, "Respondents") (the "Arbitration"), (ii) issue a judgment in the Petitioner's favor against the

Respondents as provided for in the Awards; (iii) award the Petitioner the costs of this confirmation proceeding; and (iv) retain jurisdiction over this matter until such time as the Respondents have fully complied with the Awards.

## PARTIES

2. The Petitioner, Pacer, is a corporation organized under the laws of the Province of Alberta, Canada, with its principal place of business in Calgary, Alberta. Pacer is a construction company, in the business of, among other things, providing construction and other services for oil and gas exploration and production companies in Alberta and elsewhere.

3. Petitioner is informed and believes, and on that basis alleges, that Respondent Pelletier Holdings is a corporation organized under the laws of the province of Alberta, Canada, with its principal place of business in Alberta, Canada. Richard Pelletier is the sole director and shareholder of Pelletier Holdings. Upon information and belief, Pelletier Holdings is the alter ego of Richard Pelletier, who uses Pelletier Holdings as nothing more than a shell entity to attempt to insulate himself from personal liability. Petitioner is further informed and believes that there exists such a unity of interest, that their separate existence has ceased to exist and it would result in injustice to treat Richard Pelletier, on the one hand, and Pelletier Holdings, on the other hand, as separate actors.

4. Petitioner is informed and believes, and on that basis alleges, that Respondent Richard Pelletier resides in the Cayman Islands. Prior to residing in the Cayman Islands, and during the time period relevant to the underlying Arbitration, Pelletier resided in Calgary, Alberta.

## JURISDICTION AND VENUE

5. Petitioner's right to confirm the Awards arises under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), implemented in Chapter 2 of the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 201, *et seq*.

6. This Court has original subject matter jurisdiction over this action under 9 U.S.C. § 203, because the Petitioner is seeking confirmation of an arbitral award under a proceeding governed by the New York Convention.

7. This Court has personal jurisdiction over the Respondents as Petitioner intends to effect personal service on Respondents in the State of California and because, on information and belief, Pelletier holds and otherwise controls real property in San Diego County, and owns a club membership at The Bridges at Rancho Santa Fe.

8. Venue in this Court is proper under 9 U.S.C. § 204 and 28 U.S.C. § 1391(b) in that this is a proceeding arising under the New York Convention and the Respondents are subject to this Court's personal jurisdiction.

## FACTUAL BACKGROUND

### A. Share Purchase Agreement

9. The dispute underlying the Awards relates to Respondents' (along with other co-respondents in the Arbitration) sale of Pacer and its related entities to MasTec, Inc. (parent corporation of Pacer and one of the co-claimants in the Arbitration). Specifically, on June 24, 2014, MasTec Inc. and its wholly owned subsidiary entered into a share purchase agreement (the "SPA") with Pelletier and Pelletier Holdings, as well as Pelletier's business partners, Don Taylor and John Simpson, and their respective holding companies, Resman Holdings Ltd. and 592652 Alberta Ltd. ("Co-Respondents in the Arbitration") (collectively, "Sellers"). Through the SPA, MasTec acquired Pacer and its wholly owned subsidiaries and various equity investments from the Sellers.

10. Following the acquisition, a dispute arose between the parties concerning the parties' respective rights and obligations under the SPA, including a dispute regarding certain alleged breaches or inaccuracies of representations and warranties by Sellers (including Respondents).

//

**B.     The Arbitration**

11.     On March 14, 2016, Pacer and the other co-claimants (including MasTec) and the Sellers entered into an arbitration agreement ("Arbitration Agreement") pursuant to which the parties submitted their disputes to arbitration. The Arbitration Agreement is attached as **Exhibit A** to the concurrently filed Declaration of Daniel E. González ("González Decl.") (and incorporated herein by reference).

12.     The Arbitration was governed by the International Commercial Arbitration Act, RSA 2000, c.i-5 (Alberta) (the "Act") and the laws of Alberta, Canada, and it is valid and enforceable according to the laws of Alberta.

13.     By an appointment and remuneration agreement dated March 14, 2016, the parties confirmed the appointments of Messrs. J. Brian Casey, Frank R. Foran, Q.C., and Gerald W. Ghikas, Q.C., as arbitrators, who in turn confirmed their acceptances of the appointments as arbitrators. A copy of the March 14, 2016 Appointment and Remuneration Agreement and the March 14, 2016 Acknowledgment and Consent Agreement are attached to the González Decl. as **Exhibit B** and **Exhibit C** (respectively, and are incorporated herein by reference). Pursuant to an amended appointment and remuneration agreement dated September 19, 2017, the Honorable Neil C. Wittmann, Q.C., replaced Mr. Foran as an arbitrator. A copy of the September 19, 2017 Appointment and Remuneration Agreement is attached to the González Decl. as **Exhibit D** (and incorporated herein by reference). The jurisdiction of the Tribunal is set out in detail throughout the relevant parts of the Arbitration Agreement (including clauses 10 and 14) and further clarified in a joint letter of the parties dated July 2, 2018, attached to the González Decl. as **Exhibit E** (and incorporated herein by reference).

**C.     The Awards**

14.     After approximately four months of deliberations, on March 13, 2019, the Tribunal delivered a partial final award ("First Award") in favor of Petitioner.

The Award was issued in English, the language of the Arbitration. The First Award, a copy of which is attached to the González Decl. as **Exhibit F** (and incorporated herein by reference), provides, in relevant part, that:

- Pursuant to the SPA, the Petitioner is entitled to a purchase price adjustment in the net amount of CAD $12,170,394 (the "Purchase Price Adjustment Amount").
- The respondents in the Arbitration must indemnify the Petitioner in accordance with the SPA for losses suffered as a result of the inaccuracy of certain representations contained in the SPA, in the amounts of:
   i. CAD $48,019,571 (the "Principal Indemnity Amount"); and
   ii. an additional amount in respect of pre-Award interest (the "Interest Amount").
- Of the total of the Purchase Price Adjustment Amount and the Principal Indemnity Amount (CAD $60,189,965), Pelletier is jointly and severally liable with Pelletier Holdings to pay Petitioner the sum of CAD $55,775,277.50.
- The Tribunal expressly reserved its jurisdiction to calculate the Interest Amount and make monetary awards for the payment of the Interest Amount and reserved its jurisdiction to decide all matters relating to costs.
- Except for any matters concerning which the Arbitral Tribunal expressly reserved its jurisdiction, all other claims were dismissed.

15. On April 5, 2019, the Tribunal issued an award for interest, a copy of which is attached to the González Decl. as **Exhibit G** (and incorporated herein by reference), and then issued a corrected interest award on May 22, 2019 ("Corrected Interest Award"), a copy of which is attached to the González Decl. as **Exhibit H**

(and incorporated herein by reference). The Corrected Interest Award provides, in relevant part:

- In addition to the amounts stated to be payable in the First Award, Respondents are jointly and severally liable to pay to Petitioner the sum of CAD $6,058,467.

16. The period for appealing against the First Award expired on April 13, 2019. The period for appealing the Corrected Interest Award expired June 21, 2019. Neither Respondents nor the Co-Respondents in the Arbitration appealed. The First Award and Corrected Interest Award (together, the "Awards") are therefore now final and binding. The amounts awarded are now due and payable.[1]

17. No proceedings have been commenced in Alberta for the purpose of correcting or interpreting the Awards or to contest the validity of the Awards.

18. Following payments made by Co-Respondents in the Arbitration, the current amount outstanding and payable by Respondents Pelletier and Pelletier Holdings under the First Award is CAD $23,928,767.50, and CAD $2,564,555.00 under the Corrected Interest Award. In total, Respondents owe Petitioner CAD $26,493,322.50 under the Awards.

19. To date, Respondents have failed to pay any amount pursuant to the Awards.

20. As demonstrated by the accompanying Memorandum of Points and Authorities, confirmation of the Awards is appropriate and no grounds exists under Article V of the New York Convention, to vacate or otherwise refuse confirmation of the Awards.

///

///

---

[1] On June 25, 2019, in addition to the First Award and the Corrected Interest Award, the Tribunal awarded Petitioner costs in the amount of CAD $15,000,000 ("Costs Award"). Under the Costs Award, Respondents are jointly and severally liable to pay Petitioner CAD $15,000,000. Petitioner is not currently seeking recognition of the Cost Award, which is not yet final and binding. A copy of the Cost Award, for the Court's reference, is attached to the González Decl. as **Exhibit I**.

**WHEREFORE,** Petitioner moves for an order:

A. Confirming the Awards against Respondents;

B. Awarding Petitioner damages in the amount of CAD $26,493,322.50;

C. Awarding Petitioner costs accrued in bringing this action for confirmation;

D. Maintaining this Court's jurisdiction over this matter until such a time as Respondents have fully complied with the Awards; and

E. Awarding Petitioner such other and further relief as may be just, proper, and necessary in conformity with the Awards.

Dated: July 9, 2019

Respectfully submitted by,

HOGAN LOVELLS US LLP

By: s/Michael L. Turrill
MICHAEL L. TURRILL
LAURA M. GROEN

Attorneys for Petitioner
Pacer Construction Holdings Corp.

Email: michael.turrill@hoganlovells.com
laura.groen@hoganlovells.com

# MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to 9 U.S.C. § 207, the Petitioner, Pacer Construction Holdings Corporation ("Pacer" or the "Petitioner"), hereby submits this Memorandum of Points and Authorities in support of its Petition to Confirm Arbitration Award and for Entry of Judgment and respectfully requests that the Court: (i) confirm and enforce the March 13, 2019 and May 22, 2019 arbitration awards (the "Awards") issued by an arbitral tribunal ("Tribunal") in the arbitration between the Petitioner and the Respondents, Richard Pelletier ("Pelletier") and Richard Pelletier Holdings Inc. ("Pelletier Holdings") (together, "Respondents") (the "Arbitration"); (ii) enter judgment in the Petitioner's favor against the Respondents as provided for in the Awards; (iii) award the Petitioner the costs of this confirmation proceeding; and (iv) retain jurisdiction over this matter until such time as the Respondents have fully complied with the Awards.

## I.  FACTUAL BACKGROUND

### A.  Share Purchase Agreement

The dispute underlying the Awards relates to Respondents' (along with other co-respondents in the Arbitration) sale of Pacer and its related entities to MasTec, Inc. (parent corporation of Pacer and one of the co-claimants in the Arbitration). Specifically, on June 24, 2014, MasTec, Inc. and its wholly owned subsidiary entered into a share purchase agreement (the "SPA") with Pelletier and Pelletier Holdings, as well as Pelletier's business partners, Don Taylor and John Simpson, and their respective holding companies, Resman Holdings Ltd. and 592652 Alberta Ltd. ("Co-Respondents in the Arbitration") (collectively, "Sellers"). Through the SPA, MasTec acquired Pacer and its wholly owned subsidiaries and various equity investments from the Sellers.

Following the acquisition, a dispute arose between the parties concerning the parties' respective rights and obligations under the SPA, including a dispute

regarding certain alleged breaches or inaccuracies of representations and warranties by Sellers (including Respondents).

### B.     The Arbitration

On March 14, 2016, Pacer and the other co-claimants (including MasTec) and the Sellers entered into an arbitration agreement ("Arbitration Agreement") pursuant to which the parties submitted their disputes to arbitration.  *See* Declaration of Daniel González ("González Decl.") Ex. A (Arbitration Agreement).

The Arbitration was governed by the International Commercial Arbitration Act, RSA 2000, c.i-5 (Alberta) (the "Act") and the laws of Alberta, Canada, and it is valid and enforceable according to the laws of Alberta.

By an appointment and remuneration agreement dated March 14, 2016, the parties confirmed the appointments of Messrs. J. Brian Casey, Frank R. Foran, Q.C., and Gerald W. Ghikas, Q.C., as arbitrators, who in turn confirmed their acceptances of the appointments as arbitrators.  *See* González Decl. Exs. B (3/14/2016 Appointment and Remuneration Agreement) and C (3/14/2016 Acknowledgment and Consent Agreement).  Pursuant to an amended appointment and remuneration agreement dated September 19, 2017, the Honorable Neil C. Wittmann, Q.C., replaced Mr. Foran as an arbitrator.  *See* González Decl. Ex. D (9/19/2017 Appointment and Remuneration Agreement).  The jurisdiction of the Tribunal is set out in detail throughout the relevant parts of the Arbitration Agreement (including clauses 10 and 14) and further clarified in a joint letter of the parties dated July 2, 2018. *See* González Decl. Ex. E (7/2/2018 Joint Letter).

The Arbitration lasted approximately 32 months.  The parties submitted substantial factual and expert evidence.  Respondents submitted both written evidence and oral testimony (the latter during pre-hearing witness questioning and again during a three-week evidentiary hearing held in Calgary in June 2018). Respondents also submitted pre-hearing written submissions and post-hearing briefs.

Throughout the Arbitration Respondents and the Co-Respondents in the Arbitration were represented by the well-known law-firm Norton Rose Fulbright Canada LLP.

### C. The Awards

After approximately four months of deliberations, on March 13, 2019, the Tribunal delivered a partial final award ("First Award") in favor of Petitioner. The Award was issued in English, the language of the Arbitration. A certified copy of the First Award provides in relevant part, that:

- Pursuant to the SPA, the Petitioner is entitled to a purchase price adjustment in the net amount of CAD $12,170,394 (the "Purchase Price Adjustment Amount").
- The respondents in the Arbitration must indemnify the Petitioner in accordance with the SPA for losses suffered as a result of the inaccuracy of certain representations contained in the SPA, in the amounts of:
    - CAD $48,019,571 (the "Principal Indemnity Amount"); and
    - an additional amount in respect of pre-Award interest (the "Interest Amount").
- Of the total of the Purchase Price Adjustment Amount and the Principal Indemnity Amount (CAD $60,189,965), Pelletier is jointly and severally liable with Pelletier Holdings to pay Petitioner the sum of CAD $55,775,277.50.
- The Tribunal expressly reserved its jurisdiction to calculate the Interest Amount and make monetary awards for the payment of the Interest Amount and reserved its jurisdiction to decide all matters relating to costs.
- Except for any matters concerning which the Arbitral Tribunal expressly reserved its jurisdiction, all other claims were dismissed.

*See* González Decl. Ex. F (3/13/2019 Award).

On April 5, 2019, the Tribunal issued an award for interest, and then issued a corrected interest award on May 22, 2019 ("Corrected Interest Award"). *See* González Decl. Exs. G (4/5/2019 Interest Award), H (5/22/2019 Corrected Interest Award). The Corrected Interest Award provides, in relevant part:

- In addition to the amounts stated to be payable in the First Award, Respondents are jointly and severally liable to pay to Petitioner the sum of CAD $6,058,467.

The period for appealing against the First Award expired on April 13, 2019. The period for appealing the Corrected Interest Award expired June 21, 2019. Neither Respondents nor the Co-Respondents to the Arbitration appealed. González Decl. ¶ 10. No proceedings have been commenced in Alberta for the purpose of correcting or interpreting the Awards or to contest the validity of the Awards. *Id.* The First Award and Corrected Interest Award (together, the "Awards") are therefore now final and binding. The amounts awarded are now due and payable.[2]

Following payments made by Co-Respondents in the Arbitration, the current amount outstanding and payable by Respondents Pelletier and Pelletier Holdings under the First Award is CAN $23,928,767.50, and CAN $2,564,555.00 under the Corrected Interest Award. In total, Respondents owe Petitioner CAN $26,493,322.50 under the Awards. González Decl. ¶ 11.

To date, Respondents have failed to pay any amount pursuant to the Awards. González Decl. ¶ 12.

//
//

---

[2] On June 25, 2019, in addition to the First Award and the Corrected Interest Award, the Tribunal awarded Petitioner costs in the amount of CAD $15,000,000 ("Costs Award"). Under the Costs Award, Respondents are jointly and severally liable to pay Petitioner CAD $15,000,000. Petitioner is not currently seeking recognition of the Cost Award, which is not yet final and binding. *See* González Decl. Ex. I (6/25/2019 Cost Award).

## II. ARGUMENT

The FAA provides that "[w]ithin three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration." 9 U.S.C. § 207. Given that the Awards were rendered on March 13, 2019 and May 22, 2019, this Petition to recognize and enforce the Awards is timely.

Confirmation of the Awards are governed by the New York Convention, implemented in Chapter 2 of the FAA, 9 U.S.C. § 201, *et seq*. The Awards are an "arbitral award arising out of a legal relationship . . . which is considered as commercial" and therefore fall squarely within the scope of the New York Convention. *See* 9 U.S.C. § 202.

Pursuant to the New York Convention and the FAA, a district court's role in reviewing an arbitral award is strictly limited: "The court **shall** confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207 (emphasis added). As the Ninth Circuit stated in *Balen v. Holland America Line Inc.*, 583 F.3d 647, 652 (9th Cir. 2009):

> It is well-settled that "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration. [A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration ...." (citations omitted).

In short, absent the existence of one of the specific grounds for refusal or deferral enumerated in the New York Convention, an arbitral award *must* be recognized and enforced. These grounds are contained in Article V of the New York Convention:

> 1. The parties to the [arbitration] agreement referred to in article II were, under the law applicable to them, under some incapacity, or the said agreement is not

valid under the law to which the parties have subjected it or, failing any indication thereon, under the law of the country where the award was made (Article V(1)(a));

2. The party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings or was otherwise unable to present his case (Article V(1)(b));

3. The award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration, provided that, if the decisions on matters submitted to arbitration can be separated from those not so submitted, that part of the award which contains decisions on matters submitted to arbitration may be recognized and enforced (Article V(1)(c));

4. The composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties, or, failing such agreement, was not in accordance with the law of the country where the arbitration took place (Article V(1)(d));

5. The award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made (Article V(1)(e));

6. The subject of the dispute cannot be settled by arbitration under the law of the State in which recognition and enforcement is requested (Article V(2)(a)); or

7. The recognition or enforcement of the award would be contrary to the public policy of the State in which recognition and enforcement is requested (Article V(2)(b)).

1   Here, none of the grounds (above) for refusal to recognize or enforce an
2   arbitral award are present.  Moreover, Respondents have failed to file a motion to
3   vacate the First Award within the timeframe specified in the FAA.  *See* 9 U.S.C.
4   § 12.  In light of the foregoing, the Awards should be confirmed in all respects so
5   that the Petitioner may seek enforcement of the Awards and immediately receive
6   the monetary sums it is entitled to receive.

### III.   CONCLUSION

In accordance with the above, the Petitioner, Pacer Construction Holdings Corporation, respectfully requests that the Court enter an Order pursuant to 9 U.S.C. § 207: (i) confirming and enforcing the Awards; (ii) entering judgment in favor of the Petitioner and against the Respondents as provided for in the Awards; (iii) awarding the Petitioner the costs of this proceeding; and (iv) retaining jurisdiction over this matter until such time as the Respondents have fully complied with the Awards.

Dated:   July 9, 2019

Respectfully submitted by,

HOGAN LOVELLS US LLP

By: s/Michael L. Turrill
      MICHAEL L. TURRILL
      LAURA M. GROEN

Attorneys for Petitioner
Pacer Construction Holdings Corp.

Email: michael.turrill@hoganlovells.com
            laura.groen@hoganlovells.com