JW HOWARD/ATTORNEYS, LTD.
John W. Howard (SBN 80200)
Michelle D. Volk (SBN 217151)
Andrew G. Nagurney (SBN 301894)
Frederic L. Gordon (SBN 98994)
*Of Counsel*
701 B Street, Suite 1725
San Diego, CA 92101
Telephone: (619) 234-2842
Telefax: (619) 234-1716
Email: johnh@jwhowardattorneys.com

Attorneys for Respondents
Richard Pelletier and Richard Pelletier Holdings, Inc.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACER CONSTRUCTION HOLDINGS CORPORATION,<br><br>Petitioner,<br><br>v.<br><br>RICHARD PELLETIER and RICHARD PELLETIER HOLDINGS, INC.,<br><br>Respondents. | Case No.: 3:19-cv-01263-MMA-BGS<br><br>Judge: Hon. Michael M. Anello<br><br>**RESPONDENT RICHARD PELLETIER'S ANSWER TO PETITION TO CONFIRM ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT** |

Respondent Richard Pelletier, ("Respondent") in his individual capacity and no other, by and through his undersigned attorneys, hereby answers Pacer Construction Holdings Corporation's Petition to Confirm Arbitration Award and For Entry of Judgment ("Petition") as set forth below.

### NATURE OF THE PROCEEDINGS

1. Answering Paragraph 1 of the Petition to Confirm Arbitration Award and For Entry of Judgment ("Petition") it is admitted Petitioner brings this action pursuant to the Convention on the Recognition and Enforcement of Arbitral Awards and that Petitioner seeks the relief set forth therein.

### PARTIES

2. Answering Paragraph 2 of the Petition, is is admitted Petitioner is a corporation organized under the laws of the Province of Alberta, Canada, with its principal place of business in

1

1  Calgary, Alberta and that Petitioner is a construction company.

2      3.    Answering Paragraph 3 of the Petition, it is admitted Richard Pelletier Holdings is a
3  corporation organized under the law of the Province of Alberta, Canada, with its principal place of
4  business in Alberta, Canada and that Richard Pelletier is its President. The remainder of Paragraph 3
5  contains legal conclusions to which no response is required.  To the extent a response is required,
6  Respondent denies the allegations of Paragraph 3 of the Petition.

7      4.    Answering Paragraph 4 of the Petition, it is admitted Richard Pelletier resides in the
8  Cayman Islands and previously resided in Calgary, Alberta.

9  **JURISDICTION AND VENUE**

10     5.    Answering Paragraph 5 of the Petition, it is admitted the Convention on the
11 Recognition and Enforcement of Foreign Arbitral Awards is implemented in Chapter of the Federal
12 Arbitration Act, 9 U.S.C. § 201.  Except as expressly admitted herein, Respondent denies the
13 allegations of Paragraph 5 of the Petition.

14     6.    Answering Paragraph 6 of the Petition, it is admitted this Court has subject matter
15 jurisdiction under 9 U.S.C. § 203.

16     7.    Paragraph 7 of the Petition contains legal conclusions to which no response is
17 required.  To the extent a response is required, Respondent denies there is personal jurisdiction over
18 Richard Pelletier Holdings, Inc. and denies either Respondent holds or otherwise controls real
19 property in San Diego County.  It is admitted Respondent owns a club membership at The Bridges in
20 Ranch Santa Fe.

21     8.    Paragraph 8 of the Petition contains legal conclusions to which no response is
22 required.  To the extent a response is required, Respondent denies Richard Pelletier Holdings, Inc. is
23 subject to this Court's personal jurisdiction.

24 **FACTUAL BACKGROUND**

25 **A.**    **Share Purchase Agreement**

26     9.    Answering Paragraph 9 of the Petition, it is admitted the dispute underlying the
27 arbitral award relates to the purchase and sale of Pacer and related entities pursuant to the share
28 purchase agreement entered into on June 24, 2014 by and among MasTec Inc., its wholly owned

subsidiary and Respondents, as well as Don Taylor and John Simpson and their respective companies. Except as expressly admitted herein, Respondent denies the allegations of Paragraph 9 of the Petition.

10. Answering Paragraph 10 of the Petition, it is admitted a dispute arose between the parties to the share purchase agreement regarding their respective rights and obligations thereunder and alleging breaches or inaccuracies of representations and warranties by Sellers to include Respondents. Except as expressly admitted herein, Respondent denies the allegations of Paragraph 10 of the Petition.

**B.  The Arbitration**

11. Answering Paragraph 11 of the Petition, admitted.

12. Answering Paragraph 12 of the Petition, it is admitted Paragraph 1 of Arbitration Agreement provides the arbitration was governed by the "*International Arbitration Act* (Alberta) (the "Act"). Except as expressly admitted herein, Respondent denies the allegations of Paragraph 12 of the Petition.

13. Answering Paragraph 13 of the Petition, admitted.

**C.  The Awards**

14. Answering Paragraph 14 of the Petition, it is admitted an award issued March 13, 2019 in the English language and a true and correct uncertified copy of the award was attached as Exhibit F to the concurrently filed Declaration of Daniel E. Gonzalez. Except as expressly admitted herein, Respondent denies the allegations of Paragraph 14 of the Petition.

15. Answering Paragraph 15 of the Petition, it is admitted an award for interest issued on April 5, 2019 and a corrected award thereafter on May 22, 2019, which are attached as Exhibits G and H, respectively, to the concurrently filed Declarations of Daniel E. Gonzalez. Except as expressly admitted herein, Respondent denies the allegations of Paragraph 15 of the Petition.

16. Answering Paragraph 16 of the Petition, it is admitted neither Respondents nor the Co-Respondents in the Arbitration appealed. The remainder of Paragraph 16 contains legal conclusions to which no response is required. To the extent a response is required, Respondent denies the allegations of Paragraph 16 of the Petition.

17. Answering Paragraph 17 of the Petition, admitted.

18. Answering Paragraph 18 of the Petition, Respondent lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations relating to the Co-Respondent's payments, and on that basis, denies the same. The remainder of Paragraph 18 contains legal conclusions to which no response is required. To the extent a response is required, Respondent denies the allegations of Paragraph 18 of the Petition.

19. Answering Paragraph 19 of the Petition, Respondent admits it has paid any amount pursuant to the award. Except as expressly admitted herein, Respondent denies the allegations of Paragraph 19 of the Petition.

20. Paragraph 20 of the Petition contains legal conclusions to which no response is required. To the extent a response is required, Respondent denies the allegations of Paragraph 20.

## COMPREHENSIVE DENIAL

Respondent hereby denies every allegation in the Petition that is not specifically admitted above, including all titles and headings of the Petition.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that he might not otherwise bear, Respondent asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE
### (Lack of Standing)

Respondent alleges Petitioner lacks standing to bring the Petition.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Relief)

The Petition fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE
### (Waiver/Estoppel)

Respondent alleges Petitioner waived and/or is estopped from asserting any claims against Respondent.

///

### FOURTH AFFIRMATIVE DEFENSE

**(Article V Defenses)**

Respondent alleges the relief sought in the Petition is barred by the limitations set forth in Article V of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards.

### FIFTH AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

Respondent alleges the Petition is barred either in whole or in part by the applicable statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

**(Laches)**

Petitioner's claims for relief are barred by the equitable doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

(Additional Affirmative Defenses)

Respondent presently have insufficient knowledge or information of Petitioner's claims upon which to form a belief as to whether he may have additional affirmative defenses available and may not have anticipated each and every affirmative defense available and, on that basis, reserves the right to proffer additional affirmative defenses in the event discovery or further analysis indicates that additional, unknown or unstated affirmative defenses would be or are applicable.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**RESPONDENT'S PRAYER**

WHEREFORE, Respondent prays for judgment as follows:

A. That the Petition be dismissed with prejudice and all relief requested therein be denied;

B. For an award of costs incurred herein as permitted by law or contract; and

C. For such other and further relief as the Court may deem just and proper.

Dated: August 16, 2019                     JW HOWARD ATTORNEYS


By:  س/ ANDREW G. NAGURNEY
     JOHN W. HOWARD
     ANDREW G. NAGURNEY
     Attorneys for Richard Pelletier

     Email: Johnh@jwhowardattorneys.com
            michelle@jwhowardattorneys.com
            drew@jwhowardattorneys.com
            flg@jwhowardattorneys.com