# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACER CONSTRUCTION HOLDINGS CORPORATION,<br><br>Petitioner,<br><br>v.<br><br>RICHARD PELLETIER; and RICHARD PELLETIER HOLDINGS, INC.,<br><br>Respondents. | Case No.: 19cv1263-MMA (BGS)<br><br>**ORDER DENYING RESPONDENT RICHARD PELLETIER HOLDINGS, INC.'S MOTION TO DISMISS PETITION**<br><br>[Doc. No. 9] |

On July 9, 2019, Petitioner Pacer Construction Holdings Corporation ("Petitioner") filed a Petition against Respondents Richard Pelletier ("Pelletier") and Richard Pelletier Holdings, Inc. ("RPHI") (collectively, "Respondents") to confirm two arbitration awards dated March 13, 2019 and May 22, 2019. *See* Doc. No. 1 (hereinafter "Petition"). RPHI moves to dismiss the Petition for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). *See* Doc. No. 9. Petitioner filed an opposition, to which RPHI replied. *See* Doc. Nos. 11, 12. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. *See* Doc. No. 13. For the reasons set forth below, the Court **DENIES** RPHI's motion to dismiss.

/ / /

/ / /

## BACKGROUND

Petitioner is a corporation organized under the laws of the Province of Alberta, Canada, with its principal place of business in Calgary, Alberta. Petitioner is a construction company in the business of, among other things, providing construction and other services for oil and gas exploration and production companies. Petitioner alleges that RPHI is a corporation organized under the laws of the Province of Alberta, Canada, with its principal place of business in Alberta, Canada. Petitioner further alleges that Pelletier is the sole director and shareholder of RPHI and currently resides in the Cayman Islands. Pelletier has a residence at The Bridges in Rancho Santa Fe, San Diego, California.

The dispute underlying the arbitration awards pertains to the sale of Pacer and its related entities to MasTec, Inc., the parent corporation of Pacer. In June 2014, MasTec, Inc., and its wholly owned subsidiary, entered into a share purchase agreement with Pelletier, RPHI, Pelletier's business partners Don Taylor and John Simpson, and their respective holding companies, Resman Holdings Ltd. and 592652 Alberta Ltd. Through the share purchase agreement, MasTec, Inc. acquired Pacer and its wholly owned subsidiaries and various equity investments from the sellers. Following the acquisition, a dispute arose between the parties concerning the parties' rights and obligations under the share purchase agreement.

In March 2016, Pacer, MasTec, Inc. and the sellers entered into an arbitration agreement, governed by the International Commercial Arbitration Act, RSA 2000, c.i-5 and the laws of Alberta, Canada. After several months of deliberations, the Arbitration Tribunal issued a partial final award in favor of Petitioner on March 13, 2019. On April 5, 2019, the Tribunal issued an award for interest, and later issued a corrected interest award on May 22, 2019.

Petitioner claims that certain payments were made by co-respondents, but neither Pelletier nor RPHI have made any payments toward the awards. Petitioner asserts that

Respondents owe CAD[1] $26,493,322.50 under the awards. Petitioner brings the instant Petition to confirm the arbitration awards pursuant to the Convention on the Recognition and Enforcement of Arbitral Awards, 9 U.S.C. § 207.

Pelletier was personally served on July 19, 2019 with the Petition. *See* Doc. No. 5. On August 16, 2019, Pelletier filed an answer[2] and RPHI filed the instant motion to dismiss. *See* Doc. Nos. 9, 10.

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move for dismissal based on lack of personal jurisdiction. On a motion to dismiss for lack of personal jurisdiction, "the plaintiff bears the burden of establishing that jurisdiction exists." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). Uncontroverted allegations in a complaint must be taken as true when a prima facie showing of personal jurisdiction is required. *Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996). However, the court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Data Disc, Inc. v. Systems Tech. Assocs. Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977). Conflicts between facts contained in the parties' affidavits must be resolved in favor of the party asserting jurisdiction when deciding whether there has been a prima facie showing of personal jurisdiction. *Am. Tel. & Tel.*, 94 F.3d at 588.

The Court applies the personal jurisdiction law of the forum state where, as here, "there is no applicable federal statute governing personal jurisdiction[.]" *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1110 (9th Cir. 2002). "California's long-arm jurisdictional statute is coextensive with federal due process requirements," and so under California law a court can exert personal jurisdiction over a defendant if doing so would be

---

[1] CAD refers to the Canadian Dollar.

[2] As such, Pelletier does not contest personal jurisdiction.

consistent with constitutional due process. *Id*. A court may exercise personal jurisdiction "over a non-resident defendant" without offending constitutional principles if that defendant has "at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Id.* at 1111 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

## **DISCUSSION**[3]

RPHI argues that the Court has neither general nor specific personal jurisdiction over RPHI and exercising personal jurisdiction would be unreasonable and violate due process. *See* Doc. No. 9 at 2. Petitioner claims that RPHI is merely a shell corporation that Pelletier treats as his personal bank account. *See* Doc. No. 11 at 2. Thus, because jurisdiction over Pelletier has already been obtained in a manner consistent with due process, jurisdiction should be imputed to his alter ego, RPHI. *See id.* Alternatively, Petitioner requests the Court permit jurisdictional discovery as to RPHI's assets, capitalization, asset transfers, and dealings with Pelletier himself that would "show their 'unity of interest' and the injustice that would result if they are treated separately[.]" *Id.* at 2. In reply, RPHI asserts: (1) complex factual determinations regarding alter ego are improper in actions to confirm arbitration awards; (2) the alter ego theory does not flow from an individual to a corporation; and (3) jurisdictional discovery is inappropriate in this case. *See* Doc. No. 12 at 3-8. The Court addresses RPHI's arguments in turn.

**1. Scope of Jurisdiction**

RPHI first argues that the Petition to confirm an arbitral award under the New York Convention is not a proper procedure for a district court to make alter ego determinations. *See* Doc. No. 12 at 3. RPHI cites to *Orion Shipping & Trading Co. v. Eastern States Petroleum Corp.*, where the Second Circuit considered application of the

---

[3] On October 28, 2019, Petitioner filed a request that the Court take judicial notice of Pelletier's affidavit, dated October 15, 2019, filed in a bankruptcy proceeding on behalf of RPHI in Alberta, Canada. *See* Doc. No. 16. The Court **DENIES AS MOOT** Petitioner's request, as the Court need not rely on this affidavit in reaching its conclusion below.

alter ego theory in deciding whether to confirm the portion of an arbitration award holding a non-signatory to the arbitration agreement liable as guarantor of the signatory. 312 F.2d 299, 300-01 (2d Cir. 1963). The court held that "an action for confirmation is not the proper time for a District Court to 'pierce the corporate veil.'" *Id.* at 301. *Orion*, however, is inapposite for several key reasons. First, in reaching its holding, the Second Circuit analyzed the merits of the petition to confirm the arbitration award. Here, however, the Court is only tasked at this stage with determining whether the Court has personal jurisdiction over RPHI—not whether the Court should grant the Petition to confirm the arbitration awards. Second, RPHI was a party to the arbitration proceedings in Canada, unlike the non-signatory in *Orion*. Third, *Orion* makes no reference to the personal jurisdiction analysis in the context of a motion to confirm an arbitration award. As such, RPHI's reliance on *Orion* is misplaced.

Additionally, the Ninth Circuit has reiterated that a district court must determine it has jurisdiction over the defendant in an action to confirm an arbitration award. *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1121 (9th Cir. 2002) ("We hold that neither the Convention nor its implementing legislation removed the district courts' obligation to find jurisdiction over the defendant in suits to confirm arbitration awards."). Accordingly, the Court must ascertain whether it has personal jurisdiction over RPHI. That Petitioner advances an alter ego theory of personal jurisdiction does not change the Court's "obligation" to make jurisdictional determinations. *Id.*

**2. Personal Jurisdiction**

In its motion to dismiss, RPHI contends that the Court lacks general and specific personal jurisdiction over it. *See* Doc. No. 9 at 4-6. In opposition, Petitioner does not contest that the Court lacks specific personal jurisdiction over RPHI but claims that because RPHI is the alter ego of Pelletier, there is imputed general personal jurisdiction over RPHI. *See* Doc. No. 12 at 1. In reply, RPHI contends that imputed general jurisdiction cannot flow from an individual to a corporate entity. *See* Doc. No. 12 at 6.

Rather, RPHI claims that the alter ego theory allows an individual to be liable for obligations of an entity. *See id.* at 3 n.1.[4]

"[C]ourts have general jurisdiction over a foreign corporation only if the corporation's connections to the forum state 'are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015, 1020 (9th Cir. 2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "[I]n the paradigmatic circumstance for exercising general jurisdiction, the corporate defendant is incorporated or has its principal place of business in the forum state." *Id.* Here, Petitioner does not allege that RPHI's connections to the forum as so continuous and systematic as to render it at home in California. Rather, Petitioner claims that general jurisdiction over RPHI is proper based on an alter ego theory of liability.

In *Ranza v. Nike, Inc.*, the Ninth Circuit considered whether an in-state corporation's contacts could be attributed to its foreign subsidiary to establish general jurisdiction over the subsidiary. 793 F.3d 1059, 1065 (9th Cir. 2015). The Ninth Circuit held that "the alter ego test may be used to extend personal jurisdiction to a foreign parent or subsidiary when, in actuality, the foreign entity is not really separate from its domestic affiliate." *Id.* at 1073 (emphasis omitted). Courts "apply the law of the forum state in determining whether a corporation is an alter ego of an individual." *S.E.C. v. Hickey*, 322 F.3d 1123, 1128 (9th Cir. 2003). In California, to satisfy this test, "a plaintiff must make out a prima facie case (1) that there is such unity of interest and ownership that the separate personalities of the two entities no longer exist and (2) that failure to disregard their separate identities would result in fraud or injustice." *Id.* (quotation marks and alterations omitted). This doctrine is known as "traditional veil piercing." *Curci Investments, LLC v. Baldwin*, 221 Cal. Rptr. 3d 847, 851 (Ct. App. 2017).

---

[4] Because Petitioner concedes that the Court does not have specific personal jurisdiction over RPHI, the Court need not analyze this basis for personal jurisdiction.

Although not addressed by either party, the case at bar involves the doctrine of outside reverse veil piercing. "Reverse veil piercing is similar to traditional veil piercing in that when the ends of justice so require, a court will disregard the separation between an individual and a business entity." *Curci*, 221 Cal. Rpt. 3d at 851. "But, the two serve unique purposes and are used in different contexts. Rather than seeking to hold an individual responsible for the acts of an entity, reverse veil piercing seeks to satisfy the debt of an individual through the assets of an entity of which the individual is an insider." *Id.* "Outside reverse veil piercing arises when the request for piercing comes from a third party outside the targeted business entity." *Id.*

In *Gemcap Lending I, LLc v. Crop USA Insurance Agency, Inc.*, the district court found that the plaintiff could not obtain personal jurisdiction over corporate defendants simply by virtue of an individual defendant's ownership in the corporate entities. No. CV13-05504 SJO (MANx), 2014 WL 12589333, at *8 (C.D. Cal. Feb. 14, 2014). The court reasoned that in *Postal Instant Press, Inc. v. Kaswa Corp.*, 77 Cal. Rptr. 3d 96 (2008), the California Court of Appeal considered outside reverse piercing as an issue of first impression and rejected the doctrine. *See id.* Among the court's concerns in *Postal Instant Press* were allowing judgment creditors to bypass standard judgment collection procedures, harming innocent shareholders and corporate creditors, and using an equitable remedy in situations where other legal theories or legal remedies are available. 77 Cal. Rptr. 3d at 98.

However, the California Court of Appeal recently held that "reverse veil piercing may be available" in certain cases. *Curci*, 221 Cal. Rptr. 3d at 853. The *Curci* court distinguished *Postal Instant Press* noting that the case before it did not present the concerns previously identified. *See id.* at 852. Specifically, the individual defendant effectively had complete control over the LLC. *See id.* at 853. Moreover, unlike in *Postal Instant Press*, "[t]here simply is no 'innocent' member of [the LLC] that could be affected by reverse piercing here." *Id.* at 852. Further, the court noted that the purpose of the LLC "has always remained the same—to serve as a vehicle for holding and

investing [the individual defendant's] money." *Id.* at 853.

Here, contrary to RPHI's argument that imputed general jurisdiction cannot flow from an individual to a corporate entity, the Court finds persuasive the reasoning of the *Curci* court that reverse veil piercing may be available in certain cases. *See also TV Ears, Inc. v. SYK Grp., LLC*, No. 16cv867-GPC (WVG), 2016 WL 6248539, at *3 (S.D. Cal. Oct. 26, 2016) ("[I]f a plaintiff shows that a defendant corporation is the alter ego of an individual defendant such that the corporate form may be disregarded, then a finding of personal jurisdiction over one supports a finding of personal jurisdiction over the other."). Federal courts "must follow the decision of the intermediate appellate courts of the state unless there is convincing evidence that the highest court of the state would decide differently." *In re Schwarzkopf*, 626 F.3d 1032, 1038 (9th Cir. 2010). The parties have not shown, nor is the Court aware of, any convincing evidence that the California Supreme Court would decide the matter differently. As such, the Court proceeds to conduct the required fact-driven analysis for determining whether the Court has personal jurisdiction over RPHI. In doing so, the Court must evaluate "the same factors that are employed in a traditional veil piercing case," as well as whether Pacer has any "plain, speedy, and adequate remedy at law." *Curci*, 221 Cal. Rptr. 3d at 854.

       *a. Unity of Interest*

Petitioner argues that Pelletier treats RPHI as his "personal bank account" and the two should be treated as one for purposes of the alter ego analysis. Doc. No. 11 at 1. RPHI argues that the corporation has operated as a "holding company" and demonstrates simply that Pelletier sought to step back from his business operations and wind down the corporation. Doc. No. 12 at 8.

In assessing unity of interest, courts consider several factors including:

> inadequate capitalization, commingling of funds and other assets of the two entities, the holding out by one entity that it is liable for the debts of the other, identical equitable ownership in the two entities, use of the same offices and employees, use of one as a mere conduit for the affairs of the

other, disregard of corporate formalities, lack of segregation of corporate records, and identical directors and officers.

*Virtualmagic Asia, Inc. v. Fil-Cartoons, Inc.*, 99 Cal. App. 4th 228, 245 (2002) (citations omitted). "No single factor is determinative, and instead a court must examine all the circumstances to determine whether to apply the doctrine." *Id.*

Here, several factors demonstrate a unity of interest between Pelletier and RPHI. Pelletier has sole ownership and control of RPHI. *See* Doc. No. 11-1 (hereinafter "Gonzalez Opp. Decl."), Ex. J (showing Pelletier owns 100% of the voting shares of RPHI). The addresses for RPHI's director, registered office, and sole shareholder are all the same. *See id.* Moreover, after the sale giving rise to the underlying dispute, RPHI received approximately CAD $59 million. *See id.*, Ex. K. Pelletier then took CAD $20 million from the proceeds and "donated it to the Olga Pelletier[5] Family Trust. The rest is still in RPHI at this time." *Id.* The Arbitral Tribunal indicated that Pelletier later used approximately CAD $6 million from the proceeds to buy a condominium in the Cayman Islands that is now owned by the Pelletier Family Star Trust. *See* Doc. No. 1-2 (hereinafter "Gonzalez Decl."), Ex. F ¶ 510. The Arbitral Tribunal noted that "although Pelletier Holdings still exists, it has no assets." *Id.* RPHI does not dispute these facts, but summarily asserts that it is a holding company that holds controlling interests in other companies. *See* Doc. No. 12 at 8. However, RPHI cites to no authority, nor is the Court aware of any, that stands for the proposition that the unity of interest analysis does not apply to, or is different for, a holding company.

Accordingly, the Court finds that Petitioner has made a prima facie showing "that there is such unity of interest and ownership that the separate personalities of the two entities no longer exist." *Ranza*, 793 F.3d at 1073; *see also Flynt Distributing Co., Inc. v. Harvey*, 734 F.2d 1389, 1393 (9th Cir. 1984) (finding the unity of interest factor satisfied

---

[5] Olga Pelletier is Richard Pelletier's wife.

where the plaintiff's "affidavits showed that Leon and Alfred Harvey, the sole shareholders of the corporations and partnerships, converted the assets of the various corporations and partnerships for their own use and dealt with them as if they were one.").

### *b. Inequitable Result*

Petitioner claims that injustice would result if Pelletier and RPHI are treated separately because Pelletier can "divert assets to this entity to avoid the Court's enforcement of the [arbitration] [a]ward[s]." Doc. No. 11 at 2. RPHI does not address the inequitable result factor.

Here, the Court finds that the "failure to disregard their separate identities would result in . . . injustice." *Ranza*, 793 F.3d at 1073. Co-respondents in the arbitration have made certain payments toward the arbitration awards but Pelletier and RPHI "have failed to pay any amount pursuant to the awards." Petition ¶ 19. "[T]he current amount outstanding and payable by Respondents Pelletier and Pelletier Holdings" is CAD $26,493.322.50. *Id.* ¶ 18. As demonstrated above, Pelletier has already transferred assets to and from RPHI for personal use. Moreover, Pelletier kept RPHI active because of the representations made in the Pacer sale but cleared out the assets and left the company as a "shell." Gonzalez Opp. Decl., Ex. M. Petitioner claims that through its motion, RPHI seeks to evade the jurisdiction of this Court and the CAD $26.5 million that [Pelletier] and Pelletier Holdings owe Petitioner under the Awards." Doc. No. 11 at 1. "The attempt to do corporate business without providing any sufficient basis of financial responsibility to creditors is an abuse of the separate entity[.]" *Automotriz Del Golfo De California S.A. De C. V. v. Resnick*, 306 P.2d 1, 4 (Cal. 1957). "The essence of the alter ego doctrine is that justice be done." *Mesler v. Bragg Mgmt. Co.*, 702 P.2d 601, 607 (Cal. 1985). Additionally, it does not appear that Petitioner has alternate adequate legal remedies available to enforce the arbitration awards against Respondents in this case.

Accordingly, the Court finds that Petitioner has made a prima facie showing that the failure to disregard the separate identities of Pelletier and RPHI would result in

injustice. *See Flynt*, 734 F.2d at 1394 ("Such conduct constitutes a prima facie showing that it would be unjust to shield the Harveys behind the corporate veil.").

*c. Summary*

In sum, Petitioner has made a prima facie showing of the alter ego relationship between Pelletier and RPHI. As such, the Court finds that it has personal jurisdiction over RPHI.[6]

## CONCLUSION

Based on the foregoing, the Court **DENIES** RPHI's motion to dismiss for lack of personal jurisdiction. Respondents may file a brief in opposition to the Petition to Confirm Arbitration Award on or before **February 20, 2020**. Petitioner may file a reply brief in support of its Petition on or before **February 27, 2020**. Upon completion of the briefing, the Court will take the matter under submission on the papers and issue a written ruling in due course.

**IT IS SO ORDERED.**

Dated: February 5, 2020

HON. MICHAEL M. ANELLO
United States District Judge

---

[6] Because the Court finds that it has personal jurisdiction over RPHI, the Court need not address Petitioner's alternate request for jurisdictional discovery.