# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACER CONSTRUCTION HOLDINGS CORPORATION,<br><br>Petitioner,<br><br>v.<br><br>RICHARD PELLETIER; and RICHARD PELLETIER HOLDINGS INC.,<br><br>Respondents. | Case No.: 19cv1263-MMA (BGS)<br><br>**ORDER GRANTING UNOPPOSED PETITION TO CONFIRM ARBITRATION AWARDS**<br><br>[Doc. No. 1] |

On July 9, 2019, Petitioner Pacer Construction Holdings Corporation ("Petitioner") filed a Petition against Respondents Richard Pelletier ("Pelletier") and Richard Pelletier Holdings, Inc. ("RPHI") (collectively, "Respondents") to confirm two arbitration awards dated March 13, 2019 and May 22, 2019. *See* Doc. No. 1 (hereinafter "Petition"). Respondents' brief in opposition to the Petition was due on or before February 20, 2020. *See* Doc. No. 17 at 11. To date, Respondents have not filed an opposition brief. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. *See* Doc. No. 18. For the reasons set forth below, the Court **GRANTS** Petitioner's unopposed Petition to Confirm the Arbitration Awards.

///

# BACKGROUND

Petitioner is a corporation organized under the laws of the Province of Alberta, Canada, with its principal place of business in Calgary, Alberta. Petitioner is a construction company in the business of, among other things, providing construction and other services for oil and gas exploration and production companies. Petitioner alleges that RPHI is a corporation organized under the laws of the Province of Alberta, Canada, with its principal place of business in Alberta, Canada. Petitioner further alleges that Pelletier is the sole director and shareholder of RPHI and currently resides in the Cayman Islands. Pelletier has a residence at The Bridges in Rancho Santa Fe, San Diego, California.

The dispute underlying the arbitration awards pertains to the sale of Pacer and its related entities to MasTec, Inc., the parent corporation of Pacer. In June 2014, MasTec, Inc., and its wholly owned subsidiary, entered into a share purchase agreement with Pelletier, RPHI, Pelletier's business partners Don Taylor and John Simpson, and their respective holding companies, Resman Holdings Ltd. and 592652 Alberta Ltd. Through the share purchase agreement, MasTec, Inc. acquired Pacer and its wholly owned subsidiaries and various equity investments from the sellers. Following the acquisition, a dispute arose between the parties concerning the parties' rights and obligations under the share purchase agreement.

In March 2016, Pacer, MasTec, Inc. and the sellers entered into an arbitration agreement, governed by the International Commercial Arbitration Act, RSA 2000, c.i-5 and the laws of Alberta, Canada. After several months of deliberations, the Arbitration Tribunal issued a partial final award (the "First Award") in favor of Petitioner on March 13, 2019. On April 5, 2019, the Tribunal issued an award for interest, and later issued a corrected interest award on May 22, 2019 (the "Corrected Interest Award").[1]

Petitioner claims that certain payments were made by co-respondents, but neither

---

[1] The First Award and the Corrected Interest Award are collectively referred to as the "Awards."

Pelletier nor RPHI have made any payments toward the awards. Petitioner asserts that Respondents owe CAD[2] $26,493,322.50 under the awards. Petitioner brings the instant Petition to confirm the arbitration awards pursuant to the Convention on the Recognition and Enforcement of Arbitral Awards, 9 U.S.C. § 207.

## **LEGAL STANDARD**

"Confirmation [of an arbitration] is a summary proceeding that converts a final arbitration award into a judgment of the court." *Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Def. Sys., Inc.*, 665 F.3d 1091, 1094 n.1 (9th Cir. 2011). "Confirmation of foreign arbitration awards is governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, known as the New York Convention, and federal law implementing the Convention, 9 U.S.C. §§ 201-208." *Id.* at 1095. "Under the Convention, [a] district court's role in reviewing a foreign arbitral award is strictly limited." *Changzhou AMEC E. Tools & Equip. Co., Ltd. v. E. Tools & Equip., Inc.*, No. EDCV 11-00354 VAP (DTBx), 2012 WL 3106620, at *14 (C.D. Cal. July 30, 2012) (quoting *Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.*, 126 F.3d 15, 19 (2d Cir. 1997)).

Section 207 provides:

> Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.

9 U.S.C. § 207.

---

[2] CAD refers to the Canadian Dollar.

"The seven grounds for refusing to confirm an award are set out in Article V of the Convention. These defenses are construed narrowly, and the party opposing recognition or enforcement bears the burden of establishing that a defense applies."[3] *Cubic Def.*, 665 F.3d at 1096 (citing *Polimaster Ltd. v. RAE Sys., Inc.*, 623 F.3d 832, 836 (9th Cir. 2010)). "Courts are bound to defer to the conclusions of the arbitrator unless the arbitrator has manifestly disregarded the law." *Am. Postal Workers Union AFL-CIO v. U.S. Postal Serv.*, 682 F.2d 1280, 1284 (9th Cir. 1982).

## DISCUSSION

Here, Petitioner has met its burden to confirm the Awards. "A petitioner seeking the confirmation of a foreign arbitral award satisfies its burden by submitting copies of

---

[3] Article V states:

1. Recognition and enforcement of the award may be refused, at the request of the party against whom it is invoked, only if that party furnishes to the competent authority where the recognition and enforcement is sought, proof that:
(a) The parties to the agreement referred to in article II were, under the law applicable to them, under some incapacity, or the said agreement is not valid under the law to which the parties have subjected it or, failing any indication thereon, under the law of the country where the award was made; or
(b) The party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings or was otherwise unable to present his case; or
(c) The award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration, provided that, if the decisions on matters submitted to arbitration can be separated from those not so submitted, that part of the award which contains decisions on matters submitted to arbitration may be recognized and enforced; or
(d) The composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties, or, failing such agreement, was not in accordance with the law of the country where the arbitration took place; or
(e) The award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made.
2. Recognition and enforcement of an arbitral award may also be refused if the competent authority in the country where recognition and enforcement is sought finds that:
(a) The subject matter of the difference is not capable of settlement by arbitration under the law of that country; or
(b) The recognition or enforcement of the award would be contrary to the public policy of that country.

(1) the award and (2) the agreement to arbitrate." *Pharmaniaga Berhad v. E*HealthLine.com, Inc.*, 344 F. Supp. 3d 1136, 1141 (E.D. Cal. 2018). Petitioner has submittied a copy of the Arbitration Agreement (*see* Petition, Ex. A) as well as a copy of the First Award (*see id.*, Ex. F) and the Corrected Interest Award (*see id.*, Ex. H).

Moreover, the Court finds that there is no basis to refuse confirmation under the New York Convention. Respondents have not challenged the Awards on any ground set forth in Article V of the New York Convention. Respondents, as the parties "opposing recognition or enforcement bear[] the burden of establishing that a defense applies." *Cubic Def.*, 665 F.3d at 1096 (citing *Polimaster*, 623 F.3d at 836). Additionally, upon review of the documentation submitted, the Court finds that none of the grounds set forth in Article V applies to the case at bar. The Court finds that the Arbitral Tribunal acted within its authority in issuing the Awards. *See id.* at 1103 ("[A] court's review of the award itself is minimal: the Convention requires a court to 'confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.'") (quoting 9 U.S.C. § 207)).

Accordingly, because Respondents have failed to offer any evidence establishing that a defense applies, the Court **GRANTS** the Petition. *See China Nat'l Metal Prods. Imp./Exp. Co. v. Apex Digital, Inc.*, 379 F.3d 796, 799 (9th Cir. 2004) ("Rather than review the merits of the underlying arbitration, we review de novo only whether the party established a defense under the Convention."); *Shanghai Lan Cai Asset Mgmt. Co., Ltd. v. Jia Yueting*, No. CV 18-10255 SJO (MRWx), 2019 WL 6870345, at *4 (C.D. Cal. Mar. 26, 2019) ("Because Respondent has failed to offer any evidence that would warrant a conclusion to the contrary, the Court **GRANTS** the Petition."); *Verasonics, Inc. v. Alpinion Medical Sys. Co., Ltd.*, No. C14-1820-JCC, 2017 WL 2215781, at *1 (W.D. Wash. May 19, 2017) ("[Defendant] did not oppose the motion [to confirm the arbitration award] and thus does not show that a defense applies. The Court confirms the award under the New York Convention.").

/ / /

## CONCLUSION

Based on the foregoing, the Court **GRANTS** the Petition and **CONFIRMS** the Awards. The Clerk of Court is instructed to enter judgment in favor of Petitioner and against Respondents as provided for in the Awards. To the extent Petitioner seeks to obtain costs pursuant to 28 U.S.C. § 1920, the Court finds that Petitioner is entitled to such costs. Petitioner can apply with the Clerk of Court for such costs consistent with the procedure set forth in CivilLR 54.1. The Court declines to retain jurisdiction to enforce the Awards.

**IT IS SO ORDERED.**

Dated: February 28, 2020

HON. MICHAEL M. ANELLO
United States District Judge