UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACER CONSTRUCTION HOLDINGS CORPORATION,<br><br>                          Petitioner,<br><br>v.<br><br>RICHARD PELLETIER and RICHARD PELLETIER HOLDINGS INC.,<br><br>                          Respondents. | Case No.: 3:19-cv-01263-MMA-BGS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR ATTORNEYS' FEES AND POSTJUDGMENT INTEREST**<br><br>[Doc. No. 22] |

On July 9, 2019, Petitioner Pacer Construction Holdings Corporation ("Petitioner") filed its Petition to Confirm Arbitration Awards and for Entry of Judgment requesting that the Court confirm two arbitral awards, dated March 13, 2019 and May 22, 2019 ("Awards"), which were issued against Respondents Richard Pelletier and Richard Pelletier Holdings Inc. ("Respondents") by an Arbitration Tribunal in Alberta, Canada. On February 5, 2020, the Court denied Respondent Richard Pelletier Holding Inc.'s motion to dismiss for lack of personal jurisdiction. *See* Doc. No. 17. After Respondents failed to timely oppose the Petition, the Court, on February 28, 2020, granted Petitioner's unopposed Petition and entered a final judgment confirming the Awards, which total

CAD[1] $26,493,322.50.  Petitioner now moves for an award of attorneys' fees accrued to confirm the Awards pursuant to the parties' share purchase agreement ("SPA") as well as postjudgment interest.  *See* Doc. No. 22.  To date, Respondents have not opposed Petitioner's motion.  For the reasons set forth below, the Court **AWARDS** reasonable attorneys' fees to Petitioner in the amount of $**88,651.00** and postjudgment interest at a rate of 1.46 percent, compounded annually, from the date of the Judgment until the date the Awards are paid in full.

## **LEGAL STANDARD**

Federal courts may award attorneys' fees where there is (1) a valid contract that provides for the award, (2) an express statutory authority or rule authorizing the award, or (3) if the opposing party "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons."  *See U.S. v. Standard Oil Co. of California*, 603 F.2d 100, 103 (9th Cir. 1979) (internal quotations and citations omitted); *see also McKinstry Co. v. Sheet Metal Workers' Intern. Ass'n, Local Union No. 16*, 859 F.2d 1382, 1390 (9th Cir. 1988) (affirming district court's award of attorneys' fees to prevailing party pursuant to contractual provision).

An award of attorneys' fees and costs must be reasonable.  *See* Cal. Civ. Proc. Code § 425.16.  A court "assessing attorney fees begins with a touchstone or lodestar figure, based on the 'careful compilation of the time spent and reasonable hourly compensation of each attorney . . . involved in the presentation of the case.'"  *Ketchum v. Moses*, 17 P.3d 735, 741 (Cal. 2001) (citing *Serrano v. Priest*, 569 P.2d 1303, 1316 (Cal. 1977)).  The court calculates the lodestar by multiplying the number of hours reasonably expended by the reasonable hourly rate prevailing in the community for similar work.  *See id.*  Ascertaining the fee amount is left to the trial court's sound discretion.  *Id.*  Trial judges are entrusted with this discretionary determination because they are in the best position to assess the value of the professional services rendered in their courts.  *Id.*  "A

---

[1] CAD indicates the Canadian dollar.

fee request that appears unreasonably inflated is a special circumstance permitting the trial court to reduce the award or deny one altogether." *Id.* at 745 (citing *Serrano v. Unruh*, 652 P.2d 985, 994 (Cal. 1982)).

## DISCUSSION

Pursuant to Rule 54(b)(2) and the SPA, Petitioner seeks $118,634.95 in attorneys' fees incurred in pursuing confirmation of the Awards. Petitioner also seeks postjudgment interest on the Awards pursuant to Title 28, section 1961.

### 1. SPA's Authorization of Attorneys' Fees

As an initial matter, the SPA is a valid and enforceable contract, as the Arbitration Tribunal found in its March 13, 2019 award. *See* Doc. No. 1-4. Section 5.1 of the SPA provides for an award of attorneys' fees to the prevailing party in a dispute arising out of the agreement. *See* 22-1 ("Mem.") at 4-5[2] (citing Doc. No. 22-2 ("Turrill Decl."), Ex. B at 60-61). The Court agrees with Petitioner that such broad agreements providing for an award of attorneys' fees are enforceable. *See Marsu, B.V. v. Walt Disney Co.*, 185 F.3d 932, 939 (9th Cir. 1999) (upholding award of attorneys' fees where contract provided for recovery of prevailing party fees for "[a]ny dispute, difference, claim or counterclaim between the parties arising out of or in connection with this agreement") (internal quotations and citations omitted).

### 2. Reasonable Hourly Rates

Next, the Court must determine whether the requested hourly rates are reasonable. "Fee applicants have the burden of producing evidence that their requested fees are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Chaudhry v. City of L.A.*, 751 F.3d 1096, 1110-11 (9th Cir. 2014) (internal citations and quotations omitted). To determine the prevailing market rates, courts should consider "the fees that private attorneys of an

---

[2] The Court's citations to documents refer to the pagination assigned by the document's author, rather than the pagination assigned by the CM/ECF system.

ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." *Davis v. City & Cnty. of S.F.*, 976 F.2d 1536, 1545 (9th Cir. 1992), *vacated in part on other grounds on denial of reh'g*, 984 F.2d 345 (9th Cir. 1993). The relevant legal community is "the forum in which the district court sits." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205-06 (9th Cir. 2013); *see also Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010). However, "[a] higher rate of non-local attorneys may be found reasonable if the requesting party shows that hiring local counsel was impracticable." *Instrumentation Lab. Co. v. Binder*, No. 11-CV-965, 2013 WL 12049072, at *3 (S.D. Cal. Sept. 18, 2013), *aff'd*, 603 F. App'x 618 (9th Cir. 2015) ("The burden of showing that retaining counsel local to the court was impracticable is not onerous."). "Evidence the Court should consider includes '[a]ffidavits of the [movant's] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the [movant's] attorney.'" *Ravet v. Stern*, 2010 WL 3076290, at *2 (S.D. Cal. 2010) (citing *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990)).

The Court finds that it is appropriate to refer to rates charged by attorneys of comparable skill, experience, and reputation in the Los Angeles area. *See Shany Co. v. Crain Walnut Shelling, Inc.*, No. 11-CV-01112, 2015 WL 351660, at *6 (E.D. Cal. Jan. 23, 2015) (applying the prevailing rates for the community in which the movant's counsel was located where counsel represented the movant in the arbitration as well as the confirmation proceedings).

After applying a 15% discount, Petitioner seeks a rate of $658.76 per hour for Mr. Turrill, $654.50 per hour for Ms. Groen, $654.50 per hour for Mr. Teti, an $560 per hour for Ms. Goncharov. Mem. at 7, n. 4. Mr. Turrill filed a declaration in support of the requested fees for himself and his colleagues at Hogan Lovells US LLP ("Hogan"). Mr. Turrill has practiced general civil, complex, commercial, and business litigation in the Greater Los Angeles and Southern California regions for the past twenty-four years. *See*

Turrill Decl., ¶ 2.  Mr. Turrill's hourly rate for this matter is $775, which he asserts "is customary and reasonable for an attorney practicing in the Los Angeles and San Diego County areas at my level of experience at comparable law firms and in this area of law based on my knowledge of current industry standards and my consultation of other sources."  Turrill Decl., ¶ 3.  Ms. Groen is a senior associate attorney at Hogan.  *See* Turrill Decl., ¶ 4.  Mr. Turrill does not elaborate on the experience of Ms. Groen other than to note that she graduated magna cum laude, Order of the Coif, from Loyola Law School in 2013 and served as a Ninth Circuit law clerk before joining Hogan.  *See* Turill Decl., ¶ 4.  Mr. Teti is a senior associate attorney at Hogan.  *See* Turrill Decl., ¶ 5.  Mr. Turrill does not elaborate on the experience of Mr. Teti other than to note that he graduated from Stanford Law School in 2012 and received the Hilmer Oehlmann, Jr. Award for Outstanding Performance in Federal Litigation.  *See* Turill Decl., ¶ 5.  Ms. Goncharov is an associate attorney at Hogan.  *See* Turrill Decl., ¶ 6.  Mr. Turrill does not elaborate on the experience of Ms. Goncharov other than to note that she graduated from USC Gould School of Law in 2017.  *See* Turill Decl., ¶ 7.

The Court finds that Petitioner has failed to carry its burden of producing "satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation."  *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987).  Petitioner has not provided any data or surveys showing the range of rates charged by comparable law firms for attorneys with similar skill and reputation.

The Court therefore refers to case law establishing reasonable attorneys' fees to set the reasonable rate for the Hogan attorneys.  The discounted hourly rate of $658.75 charged by Mr. Turrill is consistent with the rates of partners charged in the Los Angeles community for other partners at national, high-caliber law firms practicing civil litigation.  *See, e.g.*, *POM Wonderful, LLC v. Purely Juice, Inc.*, No. 07-CV-2633, 2008 WL 4351842, at *4 (C.D. Cal. Sept. 22, 2008) (finding reasonable rates between $450

and $750 charged for law firm partners practicing commercial litigation in the Los Angeles community); *Brighton Collectibles, LLC v. Believe Prod., Inc.*, No. 15-CV-579, 2018 WL 1381894, at *3 (C.D. Cal. Mar. 15, 2018) (finding reasonable a commercial litigation hourly rate between $625 and $650 for a commercial litigator with over 20 years of experience). On the other hand, the discounted hourly billing rates of the senior Hogan associate attorneys are just below the rate charged by Mr. Turrill and higher than the rates charged for commercial litigation associates in the Los Angeles community. *See POM Wonderful*, 2008 WL 4351842, at *4 (finding reasonable rates between $275 and $425 charged for law firm associates practicing commercial litigation in the Los Angeles community); *Andresen v. Int'l Paper Co.*, No. 13–CV–02079, 2015 WL 3648972, at *13 (C.D. Cal. June 10, 2015) (awarding $450 per hour to associate who had been practicing commercial law exclusively for over five years). Considering that Ms. Groen and Mr. Teti are experienced associates, the Court will adjust their hourly rates to $450, while adjusting the rate of a less experienced associate, Ms. Goncharov, to $275. In addition to referring to this relevant case law in adjusting the hourly rates, the Court has considered that litigating this matter has not been particularly complex or challenging, as Respondents have only contested the case on jurisdictional grounds. *See* Doc. Nos. 9, 12; *see also* Mem. at 2-3.

**3.     Reasonable Hours Expended**

Petitioner requests fees based on 181.8 hours of work divided between four Hogan attorneys. Mr. Turrill asserts that confirmation of the Awards required the following legal services:

> [R]esearching the procedure for proper service and the appropriate venue to confirm international arbitration awards; researching the guidelines of the New York Convention and the federal rules on the procedure for enforcement of the arbitration awards; handling service issues associated with serving all required documents on Respondent Richard Pelletier amidst his international travels; drafting the Petition to Confirm the Arbitration Awards with the supporting declaration and accompanying documents; researching and drafting the Opposition to Respondent Pelletier Holding's Motion to Dismiss; and drafting a Request for Judicial Notice and

supporting declaration.

Turrill Decl., ¶ 9.

A district court "should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Chaudhry*, 751 F.3d at 1111 (citing *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)). "[T]rial courts must carefully review attorney documentation of hours expended; 'padding' in the form of inefficient or duplicative efforts is not subject to compensation." *Ketchum*, 17 P.3d at 741.

Petitioner requests fees based on 181.8 hours of work in connection with the motion to confirm the Awards and for entry of judgment. *See* Turrill Decl., ¶ 8. The Court has reviewed time entries by the Hogan attorneys and finds that the 181.8 hours is a reasonable amount expended in this litigation. In so concluding, the Court considers that the Hogan attorneys successfully defeated a motion to dismiss, confirmed the Awards, obtained a judgment reflecting the same, and performed research in determining the location of Respondents and their assets. *See* Mem. at 6.

### 4.     Lodestar Calculation

Taking into account the reductions set forth above, the lodestar calculations are as follows:

|  | **Reasonable Hourly Rate** | **Hours Reasonably Expended** | **Lodestar** |
| --- | --- | --- | --- |
| Mr. Turrill | $658.75 | 56.4 | $658.75 x 56.4 = $37,153.50 |
| Ms. Groen | $450 | 76.9 | $450 x 76.9 = $34,605 |
| Mr. Teti | $450 | 35.4 | $450 x 35.4 = $15,930 |
| Ms. Goncharov | $275 | 3.5 | $275 x 3.5 = $962.50 |

Upon summing the individual lodestar amounts, the Court awards Petitioner attorneys' fees in the amount of $**88,651.00**. The Court finds that the resulting $**88,651.00** figure is a fair and reasonable apportionment of expenses incurred in pursuing

confirmation of the Awards.

**5.     Postjudgment Interest**

Petitioner lastly requests an award of postjudgment interest pursuant to Title 28, section 1961.  Mem. at 8-9.  Petitioner correctly notes that "once an arbitration award is confirmed in federal court, the [postjudgment interest] rate specified in § 1961 applies."  Mem. at 9 (quoting *Fidelity Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1023–24 (9th Cir. 2004)).  Postjudgment interest "shall be calculated from the date of the entry of judgment" through "the date of payment."  28 U.S.C. § 1961(a)-(b).  Therefore, the calculation of postjudgment interest begins on February 28, 2020, the date that Judgment was entered, *see* Doc. No. 20, and will continue to accrue "as a matter of law until the judgment is satisfied."  *Corbett v. Nat'l Prod. Co.*, No. 94-CV-2652, 1995 WL 284248, at *6 (E.D. Pa. May 9, 1995) (citing 28 U.S.C. § 1961(a)).  Moreover, postjudgment interest is calculated "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."  28 U.S.C. § 1961(a).  Postjudgment interest is also "compounded annually."  *Id.* at § 1961(b).  The calendar week preceding the February 28, 2020 Judgment in this case ended on February 21, 2020.  According to Federal Reserve Statistical Release H. 15 (Selected Interest Rates) for that period, the average weekly 1-year Treasury rate for the week ending was 1.46 percent.  *See* Turrill Decl., Ex. C.  Thus, the Court **AWARDS** Petitioner postjudgment interest at a rate of 1.46 percent, compounded annually, from the date of the Judgment until the date the Awards are paid in full.

### CONCLUSION

Based on the foregoing, the Court **AWARDS** Petitioner $**88,651.00** in attorneys' fees pursuant to the SPA and Rule 54(d)(2), plus postjudgment interest at a rate of 1.46 percent, compounded annually, from the date of the Judgment until the date the Awards are paid in full.

**IT IS SO ORDERED.**

Dated: May 21, 2020

HON. MICHAEL M. ANELLO
United States District Judge